IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY E. OWENS                                                                                          PLAINTIFF

          v.                              Civil No. 09-2124

SHERIFF FRANK ATKINSON;
and LT. JACKSON                                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Anthony E. Owens (hereinafter Owens), pursuant to 42 U.S.C. § 1983. Owens proceeds *pro se* and *in forma pauperis*.

Owens is currently incarcerated in the West Tennessee Detention Facility in Mason, Tennessee. The events at issue in this case occurred while Owens was incarcerated at the Sebastian County Detention Center in Ft. Smith, Arkansas. Specifically, Owens maintains he was denied access to a law library.

Pending before me are Owens' motion for a temporary restraining order (Doc. 22) and Defendants' motion to for summary judgment (Doc. 25). The parties have responded to the motions and they are ready for decision.

### I. BACKGROUND

Owens was booked into the Sebastian County Detention Center (SCDC) on December 30, 2008. *Defendants' Exhibit* 1 at pg. 1 (hereinafter *Defts' Ex.*). A public defender, Tim Sharum, was appointed to represent Owens in his criminal proceedings the following day. *Id.* at pg. 13. On February 25, 2009, Owens was found to have violated the terms and conditions

of his suspended sentence and was sentenced to ten years incarceration in the Arkansas Department of Correction (ADC). *Id.*

On March 10, 2009, Owens requested access to a law library. *Defts' Ex.* 2. He stated: "I need 42 U.S.C. § 1983." *Id.* He also listed a case citation. In response, Lt. Gayla Jackson wrote: "We do not have a law library--contact whatever court your case is in." *Id.*

On March 19th, Owens filed an appeal in his criminal case. *Defts' Ex.* 1 at pg. 13. On March 31st, Owens submitted a grievance complaining the State of Arkansas had violated his rights. *Defts' Ex.* 2 at pg. 2. He asked for compensation for his loss of freedom, a pardon, and "amendment" of his case. *Id.* On June 16th, Sharum was allowed to withdraw and Daniel Stewart was appointed to represent Owens on appeal. *Id.*

## II. DISCUSSION

As noted above, Owens has requested entry of a temporary restraining order (Doc. 22) and Defendants have filed a motion for summary judgment (Doc. 25).

### *The Motion for Summary Judgment*

Defendants present several arguments in support of their motion. Specifically, they contend: one, there is no evidence of any unconstitutional county policy or custom; two, Owens was not denied access to the courts; three, Owens cannot use this civil rights lawsuit to collaterally attack his criminal conviction; four, there is no evidence of any actual physical injury; and five, they are entitled to qualified immunity.

In opposition, Owens points out that the SCDC has no law library. He asserts he needed access to research family law and to research issues in connection with his criminal charges and conviction.

He maintains the complete denial of access to a law library establishes a violation of his constitutional rights. Owens argues that he is not attempting to collaterally attack his conviction. Rather, he contends his claim is that if he had access to a law library or legal materials he could have researched and presented grounds to support a claim for post-conviction relief. He argues the appointment of counsel in his criminal case only satisfied part of the requirements established by the Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 821 (1977). He maintains *Bounds* established two separate affirmative requirements: one, that a detainee be provided with trained legal assistance; and two, a detainee be provided access to a law library. Furthermore, Owens maintains his counsel was ineffective and that ineffective assistance of counsel can be viewed as a denial of access to the courts.

Detainees have no "freestanding right to law library access or trained legal assistance." *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004)(citation omitted). Instead, "[i]nmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right of access requires the provision of "prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds*, 430 U.S. at 828, to challenge their criminal charges, convictions, and sentences directly or collaterally or to challenge the conditions of their confinement through civil rights actions, *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *See also Cody v. Weber*, 256 F. 3d 764, 767-68 (8th Cir. 2001)("right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in

court'")(*quoting Lewis*, 518 U.S. at 354-55).

I find Defendants are entitled to summary judgment in their favor. First, the right of access to the court does not encompass family law. *See e.g., Ball v. Hartman*, 2010 WL 3920518 (3d Cir. 2010)("right of access to the courts does not extend to . . . child support actions").

Second, Owens is not entitled to both the provision of an adequate law library and to the assistance from persons trained in the law. The right of access to the courts requires the provision of one or the other--not both. *See e.g., Johnson -El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989)("The City must provide its pre-trial detainees **either** with 'adequate law libraries or adequate assistance from persons trained in the law'")(*quoting Bounds*, 430 U.S. at 838)(emphasis added). The appointment of counsel has been recognized as a "valid means of satisfying a prisoner's right of access to the courts." *Bourdon*, 386 F.3d at 93. *See also Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)("Appointed counsel, whether state or court provided, offers a meaningful, and certainly the best, avenue of access to an indigent inmate").

Third, the cases establish that there is a distinction between the term "adequate assistance by persons trained in the law" as used in *Bounds* and the term ineffective counsel as used in Sixth Amendment right to counsel cases. In *Bourdon*, the court discussed this distinction and stated:

> [b]ecause attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts, not that he was denied effective representation in the court.

*Bourdon*, 366 F.3d at 98. "[T]he term 'adequate' as used in *Bounds* to modify 'assistance from persons trained in the law,' refers not to the effectiveness of the representation, but to the adequacy of the prisoner's access to his or her court-approved counsel or other law-trained

-4-

assistant." *Schrier v. Halford*, 60 F.3d 1309, 1313-14 (8th Cir. 1995). In this case, Owens does not contend that his access to his court appointed counsel was hindered in anyway.

Finally, Owens has suffered no actual injury. The right of access to the courts is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. *See also Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008)(Hartsfield failed to allege he was prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy. He only roughly and generally asserted that he was prevented from filing because he did not know what arguments to make. This claim is speculative and was properly dismissed); *Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). While Owens provides the court with copies of letters sent to him from Sue Newberry, the Clerk of the Arkansas Supreme Court, the letters merely contain information or directions regarding applicable procedures. There is nothing to suggest his claims were dismissed for lack of legal adequacy or that he was in some manner prevented from filing an appeal, request for post-conviction relief, or a civil rights action. In fact, the letters indicate Owens filed a notice of appeal with the Arkansas Court of Appeals.

### *Motion for Temporary Restraining Order*

Owens' motion for temporary restraining order has been mooted by the recommendation that Defendants be granted summary judgment. Further, I note Owens is no longer incarcerated in the SCDC.

### III. CONCLUSION

For the reasons stated, I recommend that Defendants' motion for summary judgment (Doc. 25) be granted and Owens' motion for temporary restraining order (Doc. 22) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of February 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)